[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10981
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00225-WKW-WC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ANTHONY GOSHA, III,
a.k.a. Boo Boo,
a.k.a. Boo,
a.k.a. Gosh,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 4, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

William Gosha appeals his 360-month total sentence for conspiracy to defraud the government, 18 U.S.C. § 286 (Count 1), mail fraud, 18 U.S.C. § 1341 (Counts 4-25), wire fraud, 18 U.S.C. § 1343 (Counts 26-28), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) and (c)(5) (Counts 31-55).  Gosha argues that the district court procedurally erred by failing to make a "meaningful loss calculation" when it held him accountable for the entire intended loss amount proffered by the government, without independent calculation.  Gosha says that, by adopting the government's proffer that Gosha was responsible for 9,000 or more fraudulent tax returns claiming $25 million in fraudulent refunds, the court "failed to ask the critical questions" of whether the returns were (1) within the scope of the conspiracy and (2) reasonably foreseeable.

We review a district court's determination of the loss amount under the Sentencing Guidelines for clear error.  *United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014).  We will conclude that a finding of fact is clearly erroneous only if we are "left with a definite and firm conviction that a mistake has been committed."  *United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016).  A

2

district court can make factual findings for the loss amount based on undisputed facts in the Presentence Investigation Report ("PSI"), trial evidence, and evidence presented at sentencing. *Baldwin*, 774 F.3d at 727. That court need not make a "precise determination of loss," only a "reasonable estimate of the loss, given the available information." *Id*.

Section 2B1.1(b)(1)(L) of the Guidelines provides that a defendant is subject to a 22-level enhancement if the loss attributable to the defendant is more than $25 million. U.S.S.G. § 2B1.1(b)(1)(L). The Guideline commentary states that "loss is the greater of actual loss or intended loss." *Id*. § 2B1.1, comment. (n.3(A)). The Guidelines define "actual loss" as the "reasonably foreseeable pecuniary harm that resulted from the offense" and "intended loss" as the "pecuniary harm that the defendant purposely sought to inflict." *Id*. § 2B1.1, comment. (n.3(A)(i)-(ii)).

We have concluded that a court's failure to make an explicit finding about the scope of relevant conduct in a loss calculation is not reason for reversal, as long as the record otherwise supports the court's determination. *United States v. Maitre*, 898 F.3d 1151, 1160 (11th Cir. 2018) (citing *Baldwin*, 774 F.3d at 727). The evidence must be sufficient for the court to have reasonably made a finding that the evidence supports the loss calculation. *See id*. But we said in *United States v. Medina* that the court's lack of a factual finding constituted clear error

3

when it made its finding on the amount of loss with no explanation of what "reliable and specific evidence it used to calculate the loss amount": which was insufficient for us to "determine what factual basis was used to reach the conclusion" made by the court, even upon our independent review of the record. 485 F.3d 1291, 1304 (11th Cir. 2007).  We have also written that, in the context of multiple codefendants, the sentencing court need not make "individualized findings" on the scope of the defendant's activity, as long as the record supports the court's determinations.  *Pierre*, 825 F.3d at 1198.  A sentencing court "may hold participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators."  *Id*.

Here, the district court did not clearly err in its loss calculation because the court pointed to "reliable and specific evidence it used to calculate the loss amount," and because the grand scale of this conspiracy and Gosha's primary role in said conspiracy provide sufficient record evidence to support the court's finding that Gosha was accountable for the entirety of the intended loss amount.  *See Medina*, 485 F.3d at 1304; *Maitre*, 898 F.3d at 1160.

**AFFIRMED.**

4